UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff/Respondent,

                                   Criminal Case No. 11-20176
v.                                     Civil Case No. 13-14743

Martin Castanon-Campos,         Sean F. Cox
                                   United States District Court Judge

       Defendant/Petitioner.

_____/

**OPINION & ORDER**
**DENYING MOTION TO VACATE SENTENCE UNDER § 2255**

       Defendant/Petitioner Martin Castanon-Campos ("Petitioner") was convicted by a jury of two counts of unlawful use of a communication facility in violation of 21 U.S.C. §843(b) and one count of attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.  The matter is currently before the Court on Petitioner's motion under 28 U.S.C. § 2255 seeking to vacate his sentence.  Having reviewed the materials submitted, together with the record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted and, therefore, an evidentiary hearing is not needed in this matter.  *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).  The Court also finds oral argument will not aid in the resolution of the motion.  *See* 28 U.S.C. §2255; E.D. Mich. LR 7.1.  For the reasons that follow, the Motion shall be DENIED.

**BACKGROUND**

       Petitioner was charged with two counts of unlawful use of a communication facility in violation of 21 U.S.C. §843(b) and one count of attempt to possess with intent to distribute five

kilograms or more of cocaine in violation of 21 U.S.C. § 846.  At trial, Petitioner was represent by retained Counsel, Joseph Nisker. The jury returned guilty verdicts as to all counts on September 27, 2011.

Several months after the verdict, on January 20, 2012, Defense Counsel sought to withdraw from representing Petitioner at sentencing, because Petitioner had sent him a letter stating he wanted a new lawyer at sentencing and on appeal.  (Docket Entry No. 28).  This Court denied that motion without prejudice, ruling that Counsel could renew the motion following sentencing.  (Docket Entry 30).

This Court sentenced Petitioner, on March 30, 2012, to 41 months' incarceration for each conviction of unlawful use of a communication facility and 121 months' incarceration for his attempt conviction, to run concurrently.  After sentencing, Petitioner's counsel was permitted to withdraw and a new lawyer was appointed for Petitioner for purposes of appeal.

Defendant filed a direct appeal, in which he challenged only the drug conviction based on insufficiency of the evidence.  The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Castanon-Campos*, Case No. 12-1455 (6th Cir. May 20, 2013).

Thereafter, on November 15, 2013, Defendant filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate his Sentence.  Petitioner did not file a brief or memorandum in support of his motion.

The Government filed a response brief in opposition to Petitioner's Motion on January 29, 2014.

Despite this Court having given him extensions of time to do so, Petitioner did not file a reply brief in support of his motion.  As such, now, approximately eleven months after he filed

his § 2255 motion, the Court is prepared to rule.

## STANDARD OF REVIEW

A federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. It is well established that when a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir.1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996).

3

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court is required to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Even a *pro se* litigant, however, must set forth facts that entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitle him to relief when making a motion to vacate or set aside a judgment under § 2255). Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court requires that a motion must, among other things, "state the facts supporting each ground" for relief.

As judges in this district have recognized, "[n]either case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010).

Here, Petitioner's motion contains virtually no facts supporting his claims. Moreover, Petitioner did not file any supporting brief or memorandum. Nevertheless, where it is possible to do so, this Court will address his claims.

As the Government correctly notes in its response, "[m]any of the claims raised by the petitioner could have been raised [before this Court at trial] and on direct appeal, but were not." (Govt's Br. at 3).

"[C]ollateral review under 28 U.S.C. § 2255 is not a substitute for direct review, [and] a movant ordinarily may only raise claims in a § 2255 motion that he raised in direct review." *Bousley v. United States,* 523 U.S. 614, 621 (1998). "In short, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal. Courts will exempt a movant from that rule, however, if he can prove either (1) 'that he is actually innocent of the crime for

4

which he was convicted,' or (2) 'that there is valid cause for the default, as well as prejudice resulting from the default.'" *Graham, supra*, at * 3.  Ineffective assistance of counsel may constitute "cause" for failing to raise a claim.  *Id.*

It is well established that there are two elements to a successful ineffective assistance claim: 1) the attorney's performance must have been deficient, and 2) the deficient performance must have actually prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With these principals in mind, the Court examines the alleged errors by Petitioner's counsel.  According to Petitioner's motion, he received ineffective assistance of counsel in the followings ways: 1) Counsel not calling witnesses or presenting an argument at trial (Ground One); 2) Counsel not having filed a motion for the exclusion of Petitioner's statements (Ground Three); and 3) Counsel not presenting an entrapment defense (Ground Five).

As his first ground for relief, Petitioner alleges that "defense counsel refused to call witnesses for the defense, violating Defendant's Sixth Amendment right to present witnesses in his defense."  As the facts supporting this claim, Petitioner stated:

> Despite my objections to the contrary, defense counsel did not present an
> argument nor did he present any witnesses in my defense.  Because my command
> of the English language is not great, I was unable to forcefully insist on the
> strategy I felt should be pursued in my defense.

(Petition at Pg ID 782).

The record, however, belies Petitioner's assertions.  First, contrary to Petitioner's assertion that his counsel "did not present any argument," his counsel made both an opening statement (*see* Docket Entry No. 42 at Pg ID 620) and a closing argument (*see* Docket Entry No. 43 at Pg ID 677) on his behalf at trial.

5

Second, Petitioner's assertion that his counsel failed to present any witnesses over his objection is flatly contradicted by the record, wherein Plaintiff stated, under oath, as follows during voire dire examination by his counsel:

> BY MR. NISKAR:
> Q.    Mr. Castanon-Campos, we discussed earlier that you have an absolute
>       right to testify if you want to in your case?
> A.    Yes.
> Q.    And we've also discussed strategy and you've been able to listen to the
>       testimony as it's been presented here in Court?
> A.    Yes.
> Q.    And although the decision to call witnesses and offer exhibits is a strategy
>       and that's my decision, this is something we talked about, correct?
> A.    Correct.
> Q.    And you're in agreement?
> A.    Yes.
> Q.    And you are also telling the Court and me that you do not wish to testify
>       in this case?
> A.    That's correct.
> MR. NISKAR: Nothing further.

(Docket Entry No. 42 at Pg ID 617-18).

As such, Petitioner cannot establish that his counsel was ineffective based on these challenged actions.

Petitioner also claims that his trial counsel was ineffective for not having filed a motion for the exclusion of Petitioner's statements (Ground Three) and for failing to present an entrapment defense at trial (Ground Five). Petitioner, however, does not include any supporting facts as to these claims whatsoever in his Petition and he did not file a supporting brief or memorandum.  Thus, Petitioner has not identified the alleged grounds for any motion to suppress or the basis for an entrapment defense.

"Neither case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments."  *United States v. Graham*, 2010 WL

6

4825347 (E.D. Mich. 2010). Petitioner has not established that his counsel was ineffective based on these challenged actions.

As to the two remaining grounds for relief (Grounds Two and Four), Petitioner does not allege that ineffective assistance of counsel is the cause that excuses his failure to raise those claims at trial or on appeal; nor does Petitioner assert any other "cause" for his failure to raise these claims before the trial court or on appeal. Moreover, this Court finds these claims also fail on the merits.

As to Ground Two, Petitioner states the "District Court failed to ensure Defendant's Sixth Amendment right to counsel of his choice was adequately protected. The conflict between defense counsel and defendant was so great that it resulted in a total lack of communication preventing an adequate defense." (Petition at Pg ID 783). The only supporting facts alleged are that "defense counsel attempted to withdraw his appearance but was not allowed to do so by the district court." But the record reflects that Petitioner never expressed any dissatisfaction with his retained counsel *before or during trial*. Rather, his retained counsel only sought to withdraw several months *after* the jury had reached its verdict and convicted Defendant. Moreover, Petitioner does not allege that his counsel was ineffective at sentencing. Thus, Petitioner has not shown that he was prejudiced by this Court's denial of new counsel for purposes of sentencing.

As Ground Four, Petitioner asserts that his "inability to adequately understand and converse in the English language with his attorney & then during trial prejudiced his chance of completely presenting his defense." (Petition at Pg ID 786). Petitioner offers no supporting factual allegations as to this claim. Moreover, Petitioner was provided with a qualified interpreter during the entire trial. In addition, as the Government correctly notes in its response

7

brief, Petitioner, who has lived and worked in the United States since 1988, has not identified any problems he had with the interpreter provided and has failed to explain why access to a qualified interpreter was not sufficient to overcome any difficulty he had understanding English.

### CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2352(c)(2).  Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's claims do not establish that "reasonable jurists would find the district's court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 528 US. 473, 484 (2000).  Accordingly, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2014, by electronic means and upon Martin Castanon-Campos by ordinary Mail at both of the addresses below:

Martin Castanon-Campos
45901-39
Sandstone Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Sandstone, MN 55072

Martin Castanon-Campos
45901-39
Reeves I & II
Correctional Institution
P.O. 1560
Pecos, TX 79772

                           S/Jennifer McCoy
                           Case Manager